CRAIG v. SMITH et al.

No. 13638.

United States Court of Appeals
Fifth Circuit.

Nov. 20, 1951.

Russell, Circuit Judge, dissented.

M. Neil Andrews, Atlanta, Ga., Ray M. Foreman, Jno. M. Bookwalter, Danville, Ill., for appellant.

W. W. Alexander, Thomasville, Ga., Charles J. Bloch, John B. Harris, Denmark Groover, Jr., John B. Harris, Jr., H. D. Russell, Macon, Ga., Geo. W. Milam, Jacksonville, Fla., for appellees.

Before HUTCHESON, Chief Judge, and BORAH, and RUSSELL, Circuit Judges.

JOSEPH C. HUTCHESON, Jr., Chief Judge.

Intervening in Bankruptcy Proceedings Nos. 95 and 97, Matter of Crowley's Dairy Products, Inc. and Crowley's Inc., Young and Crowley, Trustees, Momence Milk Cooperative Association sought the return to it, freight paid to Momence, Illinois, of 1853 two way milk cans or containers of a value of $7.50 each.

The claim was for the return of the cans or, in default thereof, for a judgment for $13,987, their reasonable value.

The trustees, by answer pleading that all cans had been returned, denied liability, and by third party complaint brought in George E. Stengle & Associates and Suwannee Dairies, Inc., alleging that such of the cans sued for as had not been returned to Momence had been delivered to, and were in the possession of, the third party defendants. Claiming a right to a hearing in a plenary proceeding, these resisted being made defendants in this summary proceeding, and, subject to their objection, filed their answer, denying that they had any of the milk cans in controversy.

Thereafter, one Craig, appointed, in a debtor proceeding in Illinois, trustee of Momence, was substituted as a party in Momence's place and stead. On April 27th, the matter went to trial, and on April 28th, the trustee filed an amended claim. In it, setting up that the first claim was based upon a compromise settlement, he sued for a debt of $18,195 on account of the failure to return 2426 cans, the agreed price of which was $7.50 each, offering, however, to credit on the indebtedness $7.50 for each can marked "with the embossed name Momence Milk" which was returned less the reasonable rental value of the can from January 21, 1949, to date of return.

With the pleadings in this shape, the matter was heard by the referee, testimony was fully taken, the hearing was concluded, and the referee filed findings of fact[1] and con-

---

1. These were in substance: (1) that the claim as made by Johnston, the general manager of, and principal witness for, Momence, was not proven by any legal evidence; (2) that of the cans shipped by Momence, all except 1341 had been re-turned; (3) that while the cans were billed sometimes at $6 and sometimes at $7.50, it was not the agreement that they should be paid for at these figures but only the actual value was to be paid for unreturned cans; (4) that there were

clusions of law in substance that a judgment should go for intervenor for $3352.25 for 1341 cans not returned at the reasonable value of $2.50 per can at the time Crowley failed to return them.

The findings and order of the referee were affirmed by the district judge, and intervenor has appealed. Here he insists that the referee committed prejudicial error: in disregarding and refusing to consider complainant's evidence, to-wit, the invoices which the intervenor offered in evidence; in rejecting without adequate basis therefor the testimony of intervenor's witness supported as it was by uncontested documentary evidence; and in erroneously concluding that the cans were not delivered under an agreement for their return or compensation for them at an agreed price.

He urges upon us, in short, that the findings of fact, both as to the number of cans not returned and the amount due for the failure to return them, are clearly erroneous and that the judgment based upon those findings may not stand.

The trustees of Crowley Dairy Products, Inc. and the third party defendants are here insisting that the findings are well supported and the judgment must be affirmed.

We do not think so. While, upon the issue of number of cans unreturned, we are unable on this record to say that the referee's finding, that 1341 was the correct number of cans unreturned, was clearly erroneous, we think it plain beyond question that, in limiting claimant's recovery to $3352.25, or $2.50 a can, the referee erred both in fact and in law.

█ He erred in fact because the evidence as a whole does not support the subsidiary finding that the cans delivered by Momence to Crowley were old and of little value and because there is abundant evidence to the contrary, including the evidence of Crowley himself that one quarter or one third were bright cans.

█ He erred in law because it is established by overwhelming, if not uncontradicted, evidence, including the invoices and other records, that the cans shipped to Crowley were shipped under an agreement as to their value with the further agreement that if returned in usable condition, Crowley would receive credit for all so returned at the agreed value or price.

It is affirmatively established, we think, that the business was begun, and was carried on, between Momence and Crowley on the basis of this understanding, and the record contains neither claim nor proof that the agreement was unfair or unreasonable. No legal basis existed, therefore, for the referee's refusal to recognize the arrangement under which the business was actually carried on, or his insistence[2] that the case must be tried and determined as though it were a trover action.

This theory, unwarranted in fact and in law, colored his thinking and produced findings and conclusions as to the quantum of the recovery which has no substantial basis in the law and the facts.

It is quite plain then that the judgment may not stand and that, but for the fact that the appeal has brought the whole case here and that the record furnishes a sufficient basis for its reforming and affirmance, it would have to be reversed for trial anew. This basis is found in the provisions of the agreement under which the cans were shipped, that while the major part of them were billed at $7.50 and some at $6, the price and value of new cans, it was provided neither that the cans must be returned in the same condition as when shipped, nor that they would be received and the agreed credit given if returned *in any condition,* but that they would be received and the agreed

only a very few new cans shipped, the others were old and of very little value; (5) that a can in use for one year would be worth 50 percent of its new value and after a year was worth very little, that the evidence as to the value of the cans varied from nothing to $2 and $3.50 per can and that the reasonable value of each unreturned can was $3.50; (6) that whatever cans of intervenor had been in the possession of the bankrupt had been delivered to Stengle and Associates who in turn had sold them to Suwannee Dairies, Inc.

2. See record, p. 138, where he states: "You are bringing virtually a trover action to recover the cans you say were in the possession of the former trustees."

price credited if they were returned in *a usable condition.* Johnston, Momence's general manager, clearly stated the purpose and intent of the agreement[3] when he testified that under the agreement it was entirely possible for Crowley to receive all new cans and to return all old cans, provided only that, as stated in the agreement they were in a usable condition.

Under this agreement, then, in arriving at a just estimate of damages flowing from its breach and in awarding recovery for the unreturned cans, account must be taken of, and due allowance made for, the undisputed fact of wear and tear. Under it, therefore, while the agreed value should be taken as the basis, that value must be discounted in accordance with the evidence as to the real, as opposed to the theoretical, loss from the breach of the agreement to return the cans. Bearing in mind that, though the agreement did not require the return of new cans, it did not allow the return of cans of little or no worth as described and found by the referee, we are of the opinion that the record plainly supports a finding of loss based upon the failure to return 1341 usable cans of not less than $4 per can, or $5364 in all, and that the entry of a judgment for this amount would be a just disposition of this cause.

Unless, therefore, appellant or appellees, within fifteen days from this date, file with the clerk written objections thereto, the judgment will be modified by increasing it to $5364, and, as modified, affirmed with appeal costs equally divided.

If, however, appellant or appellees, within that time, files such written objection, the judgment will be reversed for further and not inconsistent proceedings with appeal costs taxed against appellees.

RUSSELL, Circuit Judge (dissenting).

I do not share the opinion that the finding of value of the unreturned cans, as established below, is clearly erroneous. With the question of the number of unreturned cans settled, the issue in the case is the amount appellant is entitled to recover because of cans which were not returned. The appellant contends that recovery should be computed at the invoice price. The appellee contends for computation on actual value, as adjudged by the referee. My colleagues reject, correctly I think, the appellant's claim for invoice price, but also reject the referee's finding of value. When we reject, as we must, the appellant's claim upon open account represented by the invoices, the question of value is controlling. While the approach of the majority to their finding of value is slightly different from that of the referee, the result seems the same. At last it is a question of value. Based upon evidence, the referee found that the cans, after use, were worth an average of $2.50 each, and arrived at this figure upon the basis of a percentage of new can costs. The majority finds that the recoverable "loss" or "damages" to Momence must be computed upon the basis of "agreed value" with due allowance for "wear and tear". I think this is really just what the referee did. However, the majority find a value of $4 per can. Value is a matter of opinion. There is evidence to support the referee's determination and I see no proper basis for this Court setting it aside and adjudging another amount. I respectfully dissent.

3. The record on this is as follows:
"Q. Is it true, then, Mr. Johnston, that if you billed this man $7.50 a can, you weren't referring to the then value of that can, were you? A. That's right. We were interested in the return of that can.
"Q. You were interested in the return of that can? A. That's right.
"Q. Or a can in its place. A. Or what it would cost us to replace it. If we didn't get the can, we wanted the money that would take us to replace the can.
"Q. Or another can. A. Or a new can.
"Q. Or another can if they returned it? A. Well, you can't buy anything but a new can if you have to replace it.
"Q. If he had sent you back an old one, you would take it? A. Well, we had to fill them with something.
"Q. When you sent him, say, 1500 new cans and he sent you back 1500 old cans, you didn't attempt to charge him for any difference in value at that time, did you?"
"A. In your trade practices, or in your normal operation of a business you don't. * * *"